UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MIRANDA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:18-cv-01741-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

This matter is before the court on claimant's request for judicial review of a denial by the Commissioner of the Social Security Administration ("SSA") of her application for a period of disability and disability insurance benefits. On January 30, 2020, we heard argument from the parties. We have reviewed the record, administrative transcript, briefs of the parties, and applicable law—and have considered arguments made at the hearing. For the reasons stated on the record at oral argument and in this order, we affirm the decision of the SSA's Administrative Law Judge ("ALJ").

On appeal, we ask only whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g). We will uphold the ALJ's decision if it is rational, even if there could have been another rational interpretation of the evidence; we will not substitute our judgment for that of the ALJ. *Id*.

Claimant seeks remand, arguing that the ALJ erred in giving "very little weight" to the opinion of claimant's treating physician, Dashrath Patel. AR 29. We see no error. The ALJ considered several, differing medical opinions. Among these opinions, Dr. Patel's opinion—

which included a finding "that the claimant was unable to work due to her mental health disability," AR 28—was at or near one extreme, contradicted by (and contradicting) other doctors' opinions that found claimant's impairments less limiting. Taking into account the range of conflicting opinions, the ALJ was permitted to discount Dr. Patel's opinion if the ALJ relied on—and articulated—"specific and legitimate reasons" for so doing. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). We thus look to the ALJ's stated reasons for putting little stock in Dr. Patel's opinion.

The ALJ discussed the medical record at some length, walking through various doctors' perspectives and explaining that she discounted Dr. Patel's opinion in part because portions of it were vague and did not "set forth the claimant's functional abilities with sufficient specificity." AR 29. The ALJ separately singled out Dr. Patel's May 2017 medical source statement, finding that the "marked limitations" identified therein were "not supported by the doctor's own treatment records that demonstrate improvement in her symptoms when medication compliant." *Id.* Additionally, the ALJ explained that she placed greater weight on other medical opinions, for example the conflicting opinion of Dr. Tracy Gordy; this explanation stands as part of the ALJ's justification for discounting Dr. Patel's contrary opinion. *Id.* The ALJ noted that Dr. Gordy was present at trial and had the benefit of hearing claimant's testimony, as well as the opportunity to ask claimant questions at the hearing. In short, then, the ALJ discounted Dr. Patel's opinion because she found it to be in many aspects vague and nonspecific, because she determined it to be at least partly unsupported by Dr. Patel's own records, and because it was undercut by other reliable opinions, including that of Dr. Gordy. Claimant has not shown that the ALJ's reasons were anything but "specific and legitimate."

In sum, the ALJ's decision is supported by substantial evidence and claimant has identified no reversible error in the ALJ's analysis. For the reasons stated in this order and on the record at oral argument, we deny claimant's appeal from the administrative decision of the Commissioner of Social Security. The clerk of court is directed (1) to enter judgment in favor of defendant and against claimant Sylvia Miranda Hernandez and (2) to close this case.

IT IS SO ORDERED.

Dated: January 30, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 200.